WRIGHT, J.
It is claimed that inasmuch as G. Kibby’s answer denies all the allegations in the bill, there is not sufficient evidence to do it away. The complainant did not call for the answer of G. Kibby, and therefore did not make him a witness. His volunteer answer setting up matter in opposition to the bill, cannot be received to exonerate him. It was not properto call for an answer; for the charge against him was, that he had committed forgery, a crime as to which he was not bound to answer, and if the bill had called for an answer from him, it would have been bad on that account. The allegations in the answer, therefore, stand as any other independent allegations in a cause, of no effect unless proven. It appears that the note was given by Weeks to the intestate, and is unpaid, that the endorsement on the back of it, though in the name of the payee, was not made by him or by his authority, and therefore transferred no interest in the note to G. Kibby; that by Ms delivery it is now in the possession of Storer and Fox, Ms attorneys. The claim of G. Kibby, that the note was passed to him by his brother and the endorsement written at his request, on account of his inability to write his name, though he did not write his name to a note given at a later period, stands without any proof, and therefore cannot avail him. There are many circumstances in the-case tending to prove the transaction a fraudulent one on the part of Guy Kibby, viz.: The total want of proof that he lent his brother money, or had any money dealings with him; the non-exhibition of any account against his brother, or the note he says was given to him for the balance. He claims to have lent the deceased $457.50, yet in his subsequent schedule and oath before the commissioner of insolvents, he makes no mention of the debt due from the decedent, 609] *or Weeks, but swears he has no property and no debts due to him. This is wholly inconsistent with his claim of title to the note now in question. He either perjured himself in the oath before the *629 commissioner, or in his answer. If there be mistake instead of crime, it is most likely the mistake occurred in recollecting the most remote facts.
The respondents, Storer and Fox, therefore, will be decreed to place the note on file, for the use of the complainant, and the defendant, Weeks, to pay the amount in sixty days to the complainant, or in default, that he have execution. The defendant, Guy Kibby, to pay the costs.